ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1180 (DWF/AJB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>V.<br><br>$14,978.93 IN PROCEEDS FROM US BANK ACCOUNT #104756086070 IN THE NAME OF ABDEL-ILAH ELMARDOUDI OR WHITNEY ELMARDOUDI AND $22,476.39 IN PROCEEDS FROM TCF BANK ACCOUNT #9851616391 IN THE NAME OF ABDEL-ILAH ELMARDOUDI,<br><br>DEFENDANTS. | DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE |

Based on the United States' motion for an order granting default default judgment against Abdel-Ilah Elmardoudi, Whitney Elmardoudi and all unknown persons and entities having an interest in the defendant proceeds and forfeiting the defendant proceeds to the United States; on all the files and records in this action; and on the Court's finding as follows that:

1. a verified Complaint for Forfeiture with supporting Affidavit was filed on June 29, 2001, alleging that the defendant proceeds were subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

2. a Warrant of Arrest and Notice In Rem was issued by the Clerk of Court to the Director of the United States Secret Service June 29, 2001, directing the United States Secret Service to arrest the defendant proceeds; to serve all known persons and entities



DEC 20 2002
FILED
RICHARD D. SLETTEN CLERK
JUDGMENT ENTD DEC 20 2002
DEPUTY CLERK

having an interest in the defendant proceeds with a copy of the Summons, Complaint, and Warrant of Arrest and Notice In Rem; and to give due notice to all known and unknown interested persons and entities to serve on the United States Attorney and file with the Clerk of Court a verified statement of interest in or right against the defendant proceeds within 30 days from service of the Complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the Complaint and to serve and file an answer to the Complaint for Forfeiture within 20 days after the date the verified statement of interest was filed;

3. the United States Secret Service served a copy of the Summons, Complaint, and Warrant of Arrest and Notice In Rem on Whitney Elmardoudi and AT&T Corporation;

4. the United States Secret Service was unable to locate Abdel-Ilah Elmardoudi for personal service because he was a fugitive from federal criminal charges in Criminal Action No. 01-52 (JRT/SRN) but served him in care of Assistant Federal Public Defender, Kate Menendez, who was representing him on the federal criminal charges;

5. copies of the Summons, Complaint, and Warrant of Arrest and Notice In Rem were also sent by the United States Attorney's Office to Abdel-Ilah Elmardoudi by certified mail, return receipt requested, at 3900 Minnehaha Avenue, Apt. 17, Minneapolis, MN 55406, his last known address, which package was returned to the

United States Attorney's Office as unclaimed;

6. the United States Secret Service also published a Summons directed to Abdel-Ilah Elmardoudi in the Finance and Commerce, Minneapolis, Minnesota, a newspaper of general circulation in the District of Minnesota, on September 29, October 6 and October 13, 2001, giving notice to him of the forfeiture action against the defendant proceeds and the verified statement of interest and answer requirements;

7. a notice of the forfeiture action against the defendant proceeds was published in the Finance and Commerce, Minneapolis, Minnesota, a newspaper of general circulation in the District of Minnesota, on August 3, August 10 and August 17, 2001, giving notice to all unknown interested persons and entities of the verified statement of interest and answer requirements;

8. AT&T Corporation filed a verified statement of interest in the defendant proceeds and an answer to the Complaint for Forfeiture;

9. no other verified statements or answers have been filed with the Clerk of Court and served on the United States Attorney, and the time for filing a verified statement of interest and answer has expired;

10. the Clerk of Court entered default against Abdel-Ilah Elmardoudi, Whitney Elmardoudi and all unknown persons and entities having an interest in the defendant proceeds on November 26, 2002;

and

11. the basis for the forfeiture of the defendant proceeds set forth in the United States' Complaint for Forfeiture with supporting affidavit standing unrebutted, the United States has met its burden of establishing that the defendant proceeds are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C);

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. default judgment is entered against Abdel-Ilah Elmardoudi, Whitney Elmardoudi and all unknown persons and entities having an interest in the defendant proceeds; and

2. all the right, title and interest of the defaulted persons and entities in the defendant proceeds are forfeited to the United States, and no right, title or interest in the defendant proceeds shall exist in any other person or entity except as provided for in the Stipulation for Settlement between the United States and Claimant AT&T Corp.; and

3. the defendant proceeds shall be disposed of by the United States in accordance with law and with the Stipulation for Settlement with AT&T Corp.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 20, 2002

DONOVAN W. FRANK, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995